UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

COSTCO WHOLESALE CORPORATION,

                                              Plaintiff,

                                                                        DECISION AND ORDER

                                                                        15-CV-6657L

          v.

ANTHONY J. COSTELLO & SON
DEVELOPMENT, LLC,
ANTHONY J. COSTELLO & SON
(Spencer) DEVELOPMENT, LLC,
GAP PARTNERS IV, LLC,
d/b/a CITY GATE WINE and SPIRITS,

                                              Defendants.
_____

      This action arises out of a commercial real estate lease relating to a retail development in Rochester, New York.  On September 7, 2016, the Court entered an Order (Dkt. #56), granting the motion for judgment on the pleadings filed by defendants Anthony J. Costello & Son (Spencer) Development, LLC, and Anthony J. Costello & Son Development, LLC ("Costello defendants"), and dismissing the complaint filed by plaintiff Costco Wholesale Corporation ("Costco").  The Court also denied the motion for judgment on the pleadings filed by Costco, and issued declaratory relief in favor of the Costello defendants.

      On September 21, 2016, the Costello defendants filed a motion for an award of attorney's fees and costs, pursuant to a fee-shifting clause in a contract entered into by the Costello

defendants and Costco, relating to the parcel in question. Section § 11.3 of that contract, titled "Reciprocal Easement Agreement" ("REA"), states that

> In the event of any action between the [parties] for a breach of or to enforce any provision or right hereunder, the non-prevailing [party] in such action shall pay to the prevailing [party] all costs and expenses, expressly including, but not limited to, reasonable attorneys' fees and costs incurred by the successful [party] in connection with such action, including without limitation all fees and costs incurred on any appeal from such action or proceeding.

Dkt. #1-2 at 40.

On October 30, 2016, Costco filed a notice of appeal from this Court's judgment, to the Court of Appeals for the Second Circuit (Dkt. #60.) It appears from the Second Circuit's docket sheet that the Costello defendants' brief is due on March 21, 2017. (2d Cir. No. 16-3372, #48.)

Costco has filed papers in this Court in opposition to the Costello defendants' motion, principally arguing that the Court should defer deciding the motion until after Costco's appeal has been decided. I agree.

In short, at this point, the Costello defendants have "prevailed" in this lawsuit, and under the REA, they are therefore entitled to a fee award. But Costco has appealed from this Court's judgment, and that appeal is currently pending before the Second Circuit.

In that circumstance, the district court has wide discretion to decide on the best course of action. The Second Circuit has stated that if one party files a motion for fees, and the other party takes an appeal on the merits, the district court "may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." *Tancredi v. Metro. Life Ins.*

*Co.*, 378 F.3d 220, 226 (2d Cir. 2004) (quoting Fed. R. Civ. P. 54(d) Advisory Committee's note).

Exercising that discretion, "[c]ourts in this Circuit regularly defer the award of attorneys' fees or deny the motion without prejudice pending the resolution of an appeal on the merits." *Apex Employee Wellness Services, Inc. v. APS Healthcare Bethesda, Inc.*, No. 11 CIV. 9718, 2017 WL 456466, at *12 (S.D.N.Y. Feb. 1, 2017) (citing *Gill v. Bausch & Lomb Supplemental Ret. Income Plan I*, 6:09-CV-6043, 2014 WL 1404902, at *1 (W.D.N.Y. Apr. 10, 2014) ("Where the losing party takes an appeal on the merits of case, the district court has the discretion to defer ruling on the prevailing party's motion for attorney's fees")).

The Court adopts the same course of action here. As noted, § 11.3 of the REA provides for the recovery of fees and costs incurred on appeal by the ultimately prevailing party. Regardless of the outcome of Costco's appeal, then, I see no prejudice to either side that will be caused by deferring a ruling on the attorney's fee motion, for now. Regardless of the outcome of the appeal, the prevailing party on appeal is likely to seek fees following the Second Circuit's decision. To avoid dealing with this matter piecemeal, then, it makes more sense to await the Court of Appeals' decision. *See Apex*, 2017 WL 456466, at *12 ("Deferring a ruling on [the] motion for attorneys' fees until the Second Circuit resolves [the] appeal ensures that this Court only has to address the motion for attorneys' fees by the party that ultimately prevails"); *Truesdell v. Thomas*, No. 13-cv-552, 2016 WL 7049252, at *3 (M.D.Fla. Dec. 5, 2016) ("The better part of wisdom here appears to weigh in favor of continuing to defer ruling until attorney's fees and costs can be definitely determined," following an appeal).

## CONCLUSION

The motion for attorney's fees filed by defendants Anthony J. Costello & Son Development, LLC and Anthony J. Costello & Son (Spencer) Development, LLC (Dkt. #58) is denied without prejudice, subject to renewal following a decision by the Court of Appeals for the Second Circuit on plaintiff's pending appeal from this Court's Decision and Order entered on September 7, 2016.

Plaintiff's cross-motion (Dkt. #61) for an order dismissing defendants' motion for attorney's fees is granted.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 8, 2017.